## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7416 | **DATE** | 10/1/2012 |
| **CASE TITLE** | Alisha McDaniel vs. Tom Dart | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint (Dkt. No. 1), is dismissed on initial review pursuant to 28 U.S.C. § 1915A. Plaintiff is assessed a strike for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(g). The clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff. Any pending motions are moot. Civil Case Terminated.

■ [ For further details see text below.]    *Suzanne B. Conlon*    Docketing to mail notices.

### STATEMENT

Pro se plaintiff Alisha McDaniel, a Cook County Jail detainee, has brought a civil rights complaint against Cook County Sheriff Tom Dart and her jail psychiatrist Dr. Menemez. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Turning to the initial review, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable

inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff entered the Cook County Jail in early May 2012. She was seen by Jail psychiatrist Dr. Menemez who asked her about the medications she was taking. Dr. Menemez then contacted plaintiff's pharmacy to confirm her prescriptions so that she could receive this medication while at the Jail. The pharmacist, realizing that Dr. Menemez was calling from the Jail, asked about plaintiff's current location. Dr. Menemez confirmed that she was at the Jail. Plaintiff claims that Dr. Menemez violated her right to privacy and violated doctor patient privilege by telling the pharmacist that she was in Jail. She seeks monetary relief for the embarrassment that this caused her.

Plaintiff's case must be dismissed for several reasons. She names Sheriff Tom Dart as a defendant but he must be dismissed because he was not personally involved with plaintiff's treatment at the jail. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government official defendant, though the official's own individual actions, has violated the constitution.").

Plaintiff claim of a right to privacy is also incorrect. "What transpires in the courtroom is public property." *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 492 (1975) (quoting *Craig v. Harney*, 331 U.S. 367 (1947)). The complaint does not detail why plaintiff is detained at the Cook County Jail, but it is presumably to await a state criminal trial. The fact of plaintiff's arrest, detention and upcoming trial are all matters of public record. She has no right to privacy in those facts. Her complaint also suggests that her reputation was negatively impacted by the disclosure, but an injury solely to her reputation does not implicate the constitution. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Hannemann v. S. Door County School Dist.*, 673 F.3d 746, 753 (7th Cir. 2012).

Plaintiff also claims that the disclosure of her medical information to a third party violates the Health Insurance Portability and Accountability Act (HIPPA) Pub. L. No. 104-191, 110 Stat. 1936 (1996). This claim is rejected because there is no private right of action under HIPPA for disclosure of medical information. *Carpenter v. Phillips*, 419 Fed. Appx. 658, 658 (7th Cir. May 4, 2011) (non precedential opinion) (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006)). Plaintiff's federal claims are rejected.

Plaintiff's state law claim of violating doctor patient privilege is also meritless. It is proper to dismiss

## STATEMENT

this supplemental claims on the merits instead of simply relinquishing jurisdiction over the claim. *Koren v. Local Union 705 Int'l Bhd. of Teamsters*, 75 F.3d 285, 289 (7th Cir. 1996). Confidentiality of mental health communications in Illinois is governed by Illinois's Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.* The act protects communications made in connection with providing mental health services. 740 ILCS 110/2. The Court fails to see how plaintiff's location at the Cook County Jail falls under the protected communications related to mental health treatment. But, even if the contested information disclosed to the pharmacist was confidential, the Act also provides for disclosure of information without a patient's consent to other individuals providing treatment to the patient. 740 ILCS 110/9(1). Plaintiff concedes that the pharmacist was part of the team providing treatment. Any disclosure is protected under the exception.

The complaint is dismissed for failure to state a claim. The Court declines to provide plaintiff an opportunity to submit a proposed amended complaint because it is clear that her case is meritless and cannot be saved by amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The case is dismissed.

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If plaintiff wishes to appeal this dismissal, she must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, she will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).